UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES ALAN PRZEKLAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-0845** |
| **ST. TAMMANY PARISH PRISON, ET AL** | **SECTION "A" (4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      Factual and Procedural Background**

The plaintiff, James Przeklas ("Przeklas"), is an inmate housed at the Suwannee Correctional Institution in Live Oak, Florida[1] at the time of the filing of this *pro se* and *in forma pauperis*, complaint under 42 U.S.C. § 1983. Przeklas filed this complaint against the St. Tammany Parish Prison, Sheriff Rodney J. Strain, Captain Greg Longino, and Captain Terry Cedarholm.[2]

While incarcerated at the St. Tammany Parish Prison, Przeklas alleges that he was placed in an isolation cell after a prior incident of battery with inmate Maurice Tabb, Jr. ("Tabb"). Przeklas states that felony charges were brought against Tabb for that incident, and he was convicted for his actions. R. Doc. 3, p. 5. Przeklas states that on January 6, 2015 he was moved from the isolation cell by Deputy R. Lee against his will and despite his concerns for his safety.

---

[1] Przeklas is now incarcerated at F.S.P. in Railford, Florida. R. Doc. 20.

[2] Note, Przeklas incorrectly identified Longino and Cedarholm as wardens when they are actually captains. R. Doc. 18.

*Id.* at p. 6. Przeklas further alleges that his request to speak with Lieutenant Payne, the supervisor of the A.M. shift, was denied. *Id.* After being moved, Przeklas alleges that Tabb entered his cell and again battered him. *Id.* The security staff under supervision of Lieutenant Payne then entered the Tier and removed Przeklas in handcuff and shackles. *Id.* at p. 7. Przeklas then states that he was taken to the LSU University Hospital in New Orleans, Louisiana, where he was admitted into the Intensive Care Unit. *Id.* Przeklas states that his injuries included blood on his brain and multiple head and body injuries. He states that he was prescribed medicine, including three types of pain killers, but was denied the medication. *Id.* He has filed this action against St. Tammany Parish Prison, Sheriff Strain, Captain Longino, and Captain Cedarholm for failing to protect him. In particular, Przeklas seeks a monetary settlement of $1,960,000 for the assumed average of twenty years of unearned future work wages, medical and psychiatric costs, as well as damages for pain and suffering. He also seeks an order demoting all defendants to the training level of their jobs requirements. *Id.* at p. 9.

**II.     Standard of Review for Frivolousness**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal

2

theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.     Improper Defendants

#### A.     St. Tammany Parish Prison

Przeklas named the St. Tammany Parish Prison as a defendant in this action.   Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law."  Title 42 U.S.C. § 1983; *see Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).  Under federal law, a county prison facility is not a "person" within the meaning of the statute.  *Cullen v. DuPage County*, No. 99-c-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Correctional Facility Admin.*, No. 97-0420, 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).   Thus, the St. Tammany Parish Prison is clearly not a proper defendant in this case.

In addition, a parish prison is not a proper defendant because it lacks capacity to sue or be sued as required by Rule 17(b) of the Federal Rules of Civil Procedure and state law.  An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits.  Fed. R. Civ. P. 17(b).  Thus, the Court will look to Louisiana law to determine if the St. Tammany Parish Prison can be sued.

Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

Although Louisiana courts have not ruled on the issue of whether a Parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Board of New Orleans*, 634 So. 2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. . . .Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts*, 634 So. 2d at 346-47 (citation omitted). In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* court focused its analysis on the independent management, financing, and operations of the Board. *See id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 616 (La. App. 3rd Cir. 1994), *writ denied*, 650 So. 2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the court expressly found "no authority, constitutional, statutory, or via home rule charter that authorizes the Lafayette City Council to institute of its own motion, a lawsuit." *Id*. at 613.

Furthermore, Louisiana law divides the responsibility for its Parish jails. The Parish is charged with its jails' physical maintenance. La. Rev. Stat. Ann. § 15:702. However, the duty

4

to administer and operate the jails falls on the Sheriff of each Parish.  La. Rev. Stat. Ann. § 15:704. The office of sheriff is a constitutionally created office in Louisiana, existing separately from the Parish government.  La. Const. art. 5 § 27; *see Langley v. City of Monroe*, 582 So. 2d 367, 368 (La. App. 2nd Cir. 1991) (holding that the parish could not be liable for injuries attributed to the sheriff).

Under the *Roberts* framework, the jail facilities are not "legally empowered to do" anything independently of either the respective Parish officials or the Parish Sheriff.  *See Roberts*, 634 So. 2d at 347.  The prison is not a separate entity, but merely a shared branch or facility of these greater entities. As such, the claims against St. Tammany Parish Prison are therefore frivolous and otherwise fails to state a claim for which relief can be granted.

B.  **Sheriff Strain, Captain Longino, and Captain Cedarholm**

Przeklas has also named Sheriff Rodney Strain, Captain Longino, and Captain Cedarholm as defendants, seeking to hold them liable in their supervisory roles for failing to keep him safe housing.

However, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

Przeklas has not alleged that Sheriff Strain, Captain Longino, or Captain Cedarholm were personally involved in the acts about which he complains. Without some personal action or

connection which would render Sheriff Strain, Captain Longino, or Captain Cedarholm liable under §1983 Przeklas's claims against these defendants as supervisory officials are frivolous and otherwise fail to state a claim for which relief can be granted.[3]

## IV.    Recommendation

It is therefore **RECOMMENDED** that James Alan Przeklas's § 1983 claims against St. Tammany Parish Prison, Sheriff Rodney J. Strain, Captain Greg Longino, and Captain Terry Cedarholm be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 26th day of October, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Przelkas also has not alleged that he has suffered any constitutional injury directly resulting from any order, training, or other policy implemented by Strain, Logino, or Cedarholm which would create liability under § 1983. *See* Johnson *v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.